42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
MIDWEST HELICOPTERS AIRWAYS, INC., Midwest Truxton Int'l,
Inc., and the Home Insurance Company, Inc.,
Plaintiffs-Appellants,
v.
SIKORSKY AIRCRAFT, Defendant-Appellee.
 Nos. 94-1645, 94-1700.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 26, 1994.
Decided Dec. 6, 1994.
 
 Before GOODWIN,* COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Midwest and Home appeal a summary judgment in favor of Sikorsky in this diversity products liability case. Plaintiffs seek to recover in tort for economic loss (damage to their property) resulting from a helicopter crash. Because the district court correctly applied Wisconsin law, we affirm.
 
 
 2
 Sikorsky manufactured the helicopter for a military customer in the early 1960s and reacquired and remanufactured the helicopter into a civilian model in 1974. At least three different parties owned the helicopter between 1975 and 1986, when Midwest acquired it. Sikorsky had no contact with the helicopter after 1975 and never had any direct dealings with Midwest.
 
 
 3
 The Wisconsin courts have held that no recovery is available under negligence or strict liability theories for purely economic losses. Sunnyslope Grading, Inc. v. Miller, Bradford & Risberg, Inc., 148 Wis.2d 910, 437 N.W.2d 213 (1989). Plaintiffs assert that the Wisconsin economic loss bar does not apply where the parties lack contractual privity. Privity of contract is a red herring. This is not a case of a stranger to the sale of a product seeking damages from the manufacturer for personal injuries.
 
 
 4
 Where the damage is merely a loss to the purchaser of the benefit of his or her bargain, recovery should be limited by the law of sales. Miller v. U.S. Steel Corp., 902 F.2d 573 (7th Cir.1990) (holding that "[p]rivity of contract is not an element of the economic loss doctrine" in applying Wisconsin law). To allow a disappointed purchaser to sue a remote manufacturer in tort for solely economic loss would make it nearly impossible for manufacturers to evaluate risks. The principle behind products liability is that the price of a product in the marketplace will reflect the value that consumers place on that good, including the advantages and risks associated with the product. Marshall S. Shapo, The Law of Products Liability lix (1987). Products liability also serves to encourage the safe design and production of goods and to facilitate loss spreading. However, products liability law cannot provide complete protection from hazards--it seeks only to achieve a balance. Id.
 
 
 5
 When consumers purchase used goods "as is," they assume risks that formerly may have been allocated to the manufacturer or original seller. The purchaser may bargain for a warranty on the used item, or purchase a different product that is under warranty. See Sunnyslope, 437 N.W.2d at 215. To provide a remote purchaser who lacks privity with a better remedy than the original purchaser who had privity defies common sense and logic. It would undermine the law of sales to allow a manufacturer to limit liability via warranty to an original purchaser but then allow a remote purchaser to seek remedies not available to the original purchaser. There was a time when lawyers who paid attention to their pleadings could, in a proper case, waive a tort and sue in assumpsit. This modern effort to waive the ex-contractu elements of the law of sales and to sue in tort for a dissapointing purchase is anomalous under contract law, and in tort law assumes the creation of duties that do not exist.
 
 
 6
 We are not convinced that this Court's decision in Miller was erroneous and that the allocation of risks should be shifted back to the manufacturer by treating a remote purchaser's economic loss the same as the physical injury of a person not in privity with the manufacturer but injured by the manufacturer's dangerously defective product.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Alfred T. Goodwin, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, is sitting by designation